UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL ARIAS and PETRA FIEL,
on behalf of themselves and other similarly
situated,

    Plaintiffs,
v.                                    CASE NO.:

HCA HEALTH SERVICES
OF FLORIDA, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DANIEL ARIAS and PETRA FIEL ("Plaintiffs"), by and through undersigned counsel, on behalf themselves and others similarly situated, bring this action against Defendant, HCA HEALTH SERVICES OF FLORIDA, INC. ("Defendant"), and in support of their claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage, failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and unpaid wages, and unpaid wages under Florida law. This Complaint is filed as a collective action under 29 U.S.C. § 216(b). This Complaint as to Count II is filed as a class action as specifically permitted under Fl. Stat. 448.110(9).

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

2. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pasco County, Florida, which lies within the Middle District.

## PARTIES

3. Plaintiffs are residents of HERNANDO County, Florida.

4. Defendant HCA HEALTH SERVICES OF FLORIDA, INC. operates a healthcare facility in Hudson, in Pasco County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiffs have satisfied all conditions precedent, or they have been waived.

6. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiffs requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff DANIEL ARIAS was employed by Defendant as a radiology technologist.

9. At all times material hereto, Plaintiff PETRA FIEL was employed by Defendant as a radiology technologist.

10. The putative class of similarly situated employees consists of all other radiology technologists that were employed by Defendant within the last three years.

These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11. At all times material hereto, Plaintiffs and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA and Fl. Stat. 448.01 et seq.

12. At all times material hereto, Plaintiffs and Members of the Class were "employees" of Defendant HCA HEALTH SERVICES OF FLORIDA, INC. within the meaning of the FLSA and Fl. Stat. 448.01 et seq.

13. At all times material hereto, Defendant HCA HEALTH SERVICES OF FLORIDA, INC. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and Fl. Stat. 448.01 et seq.

14. Defendant HCA HEALTH SERVICES OF FLORIDA, INC. continues to be an "employer" within the meaning of the FLSA and Fl. Stat 448.01 et. seq.

15. At all times material hereto, Defendant HCA HEALTH SERVICES OF FLORIDA, INC. was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant HCA HEALTH SERVICES OF FLORIDA, INC. engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant HCA HEALTH SERVICES OF FLORIDA, INC. exceeded $500,000 per year.

18. Specifically, Plaintiffs and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19. Thus, Plaintiffs and Members of the Class are "non-exempt employees" who are covered by the FLSA and Fl. Stat. 448.01 et seq.

20. At all times material hereto, the work performed by Plaintiffs and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

21. Plaintiff DANIEL ARIAS began working for Defendant as a radiology technologist in March 2018.

22. Plaintiff PETRA FIEL began working for Defendant as a radiology technologist in February 2018.

23. At various times material hereto, Plaintiffs and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

4

24. In exchange for Plaintiffs' services, Defendant agreed to pay Plaintiffs ARIAS and FIEL an hourly rate plus shift differential pay for second, overnight, and weekend shifts.

25. Defendant failed to pay Plaintiffs' proper shift differential rate for second shift, overnight, and weekend hours.

26. Because Defendant was often paying an incorrect hourly rate by failing to include the shift differentials, they were also calculating overtime pay incorrectly.

27. At various times during their employment, Plaintiffs advised Defendant they were being paid incorrectly. Again in June 2019, Plaintiffs and Members of the Class informed Defendant that they were being paid improperly.

28. In October 2019, Defendant issued a retroactive payment to some employees for wages owed to them from January – July 2019. It is unclear if this amount was properly calculated or the entirety of what was owed was paid. The payment was in the form of a lump sum payment without supporting documentation.

29. Defendant did correct the differential and overtime pay issues at the time for the July pay period going forward.

30. Defendant has refused to pay the shift differential pay and overtime pay owed for any pay periods prior to January 2019.

31. By failing to accurately record all of the hours worked by Plaintiffs and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

32. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of hourly paid radiology technologist working at the healthcare facilities owned and operated by Defendant.

34. Plaintiffs, on behalf of themselves and the Class, seek relief on a collective basis challenging Defendant's illegal wage and overtime payment policy and practice.

35. Therefore, Notice is properly sent to: "All radiology technologist that worked in the Defendant's healthcare facility who did not receive accurate shift differential pay or proper overtime compensation from January 2017 to the present."

36. The total number and identities of the Class members may be determined from the records of Defendant and the Class may easily and quickly be notified of the pendency of this action.

37. Plaintiffs are similar to the Class because they and the Class have been unlawfully denied payment of wages and overtime.

38. Plaintiffs' experience is typical of the experiences of the Class.

39. Specific job titles or job duties of the Class do not prevent collective treatment.

40. All potential members of the Class, irrespective of their particular job duties, are entitled to compensation for all hours worked, including hours worked over 40

for which they were not compensated at the applicable "regular rate of pay" in accordance with the FLSA.

41. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring this case as class action on behalf of similarly situated employees of Defendant (the "Class"). The Class is composed of:

> Hourly paid radiology technologist working at the healthcare facilities owned and operated by Defendant who were not paid correct shift differential, evening, and/or weekend pay.

43. No administrative remedies exist as a prerequisite to Plaintiffs' claim on behalf of the Putative Class.

44. **Numerosity**: The Class is so numerous that joinder of all Class members is impracticable. On information and belief, well over 20-30 radiology technologists work in the same locations where named Plaintiffs worked and were improperly paid during the statutory period.

45. **Typicality**: Plaintiffs' claims are typical of the Class. On information and belief wages were miscalculated for all persons in this job at the locations where named Plaintiffs worked.

46. **Adequacy**: Plaintiffs will fairly and adequately protect the interests of the Class members, they have no interests antagonistic to the Class, and have retained counsel experienced in complex class action litigation.

47. **Commonality**: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether the Class members were entitled to wages which were not paid;

   b. Whether Defendant failed to properly calculate overtime rates based on the correct wage rate;

   c. Whether statutory penalties should be imposed against Defendant under for failing to comply with Florida and Federal law, and if so, in what amount;

   d. The appropriateness and proper form of any injunctive relief or other equitable relief; and

   e. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with Florida and Federal law.

48. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

49. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

50. The names and addresses of the Class Members are available from

Defendant's records.

## COUNT I – FLSA OVERTIME VIOLATIONS

51. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 42 of this Complaint, as fully set forth herein. Plaintiffs bring this action on behalf of and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

52. During the statutory period, Plaintiffs and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours at the correct rate of pay under the FLSA.

53. Defendant failed to compensate Plaintiffs and the Class for all of the overtime hours that Plaintiff and the Class worked at the correct rate.

54. The Members of the Class are similarly situated because they were all hourly employees that worked in the Defendant's healthcare facility, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its hourly employees that worked in the healthcare facility for all of the overtime hours that they worked at the correct rate of pay in accordance with the FLSA.

55. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiffs and the Members of the Class are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

56. As a result, Plaintiffs are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

57. All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA.

58. As a result of the foregoing, Plaintiffs and the Class have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiffs and the prospective Class that seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiffs and all opt-in Members of the Class, at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiffs and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h) Judgment against Defendant stating that their violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## **COUNT II – FLORIDA UNPAID WAGES (CLASS ACTION)**

59. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 41 of this Complaint, as though fully set forth herein.

60. During the statutory period, Plaintiffs and the Class worked for Defendant, and Defendant agreed to pay Plaintiffs for their services.

61. Defendant consistently failed to pay Plaintiffs the agreed to shift differential for all hours worked.

62. Plaintiffs seek class certification under Fla. Rule 1.220, Florida Rules of Civil Procedure. The Members of the Class are similarly situated because they were all employed as radiology technologists that worked in the healthcare facility owned by

Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its radiology technologists that worked in the healthcare facility at a rate that was at least equal to the applicable shift differential the parties had agreed to.

63. This reckless practice violates the provisions of the Florida Stat. 448.110(6)(c). As a result, Plaintiffs and the Members of the Class in this action are each entitled to an amount equal to their unpaid wages as liquidated damages.

64. All of conduct, as alleged, constitutes a willful violation of Florida law.

65. As a result of the foregoing, Plaintiffs and the Class have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who make up the class defined herein demand:

(a) Designation of this action as a class action on behalf of the Plaintiffs and the prospective Class that seeks to represent, in accordance with FRCP 448.110 6)(c);

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the putative class, apprising them of the pendency of this action and permitting them to assert timely claims;

(c) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(d) Judgment against Defendant for an amount equal to the unpaid wages of Plaintiffs and all Members of the Class;

(e) A declaratory judgment stating that the practices complained of herein are unlawful;

(f) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and Members of the Class at the applicable shift differential, as liquidated damages;

(g) Judgment against Defendant stating that its violations of 448.110 were willful;

(h) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

57. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 41 of this Complaint, as though fully set forth herein.

58. During the statutory period, Plaintiffs worked for Defendant, and Defendant agreed to pay Plaintiffs for Plaintiffs' services.

59. Defendant failed to pay Plaintiffs all "wages" owed to Plaintiffs, including Plaintiffs' shift differential and proper overtime pay.

60. As a result of the foregoing, Plaintiffs have suffered damages.

13

**WHEREFORE**, Plaintiffs demand:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 25th day of February, 2020.

Respectfully submitted,

/s/ Donna V. Smith

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**